# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable G. C. Jackson
County Attorney
Zavala County
Crystal City, Texas

Dear Sir:

> Opinion No. O-5600
> Re: Under the facts submitted can
> the person in question be re-
> quired to pay his entire delin-
> quent tax rendition for each
> year?

We have your request for opinion, which is as follows:

"I have a question concerning splitting tax renditions which we desire to submit to you for a ruling.

"The facts are:

"A man owns some 500 acres of land, and varying numbers of cattle which he failed to render, for several years.

"The Tax Assessor rendered the land and cattle for him each year, and he made no protest to the Board of Equalization.

"The cattle are now gone, and the land is sold.

"The former owner desires to pay only the taxes due against the land and not on the cattle. Having sold the land he is bound to pay the taxes under his contract with the purchaser.

NO COMMUNICATION IS TO BE ...

Hon. G. C.Jackson, page 2

"Question:

"Can we require him to pay his entire delinquent
rendition for each year or must we allow him to pay on
the land only, and lose the assessment against the cattle?

". . .

"N. B. The land and cattle were rendered each year
by the Assessor, in ONE rendition."

We think your question must be answered in the
negative.

In Texas, liens on property for unpaid taxes exist
only by virtue of some provision of the Constitution and sta-
tutes.

A lien for unpaid taxes on real estate is created
by the Constitution of Texas, Article VIII, Section 15, which
is as follows:

"The annual assessment made upon landed property
shall be a special lien thereon; and all property, both
real and personal, belonging to any delinquent taxpayer
shall be liable to seizure and sale for the payment of
all the taxes and penalties due by such delinquent;
and such property may be sold for the payment of the
taxes and penalties due by such delinquent, under such
regulations as the legislature may provide."

Implementing the above quoted constitutional pro-
vision, the Legislature of Texas has enacted Article 7172,
Vernon's Annotated Revised Civil Statutes of Texas, which is
as follows:

"All taxes upon real property shall be a lien upon
such property until the same shall have been paid, and
should the assessor fail to assess any real estate for
any one or more years, the lien shall be good for every
year that he should fail to assess for; and he may, in
listing property for taxes any year thereafter, assess
all the back taxes due thereon, according to the pro-
visions of this act."

Hon. O. C. Jackson, page 3

The lien on land for unpaid taxes, existing by virtue of the above mentioned constitutional provision and statutory enactment, is a lien only for the unpaid taxes assessed against the particular land; no lien is created against the land for unpaid taxes on personal property, or on other tracts or parcels of land. (See Richey v. Moor, 249 S. W. 172; Davis v. West, 5 S. W. (2d) 870; State v. Hunt, 207 S. W. 636; State Mortgage Corporation v. Ludwig, 35 S.W. (2d) 67, and 48 S. W. (2d) 950.

In case a taxpayer owns separate tracts of land and assesses them separately, each separate tract is incumbered with a lien only for the unpaid taxes assessed against that particular tract of land. (See Richey v. Moor, supra; Cave v. Mayor of City of Houston, 65 Tex. 619; Jodon v. City of Brenham, 57 Tex. 655; State v. Baker, 49 Tex. 763; Holt v. Wichita County Water Improvement District No. 2, Comm. of Appeals, 63 S. W. (2d) 369; Sparks v. State, 27 S. W. (2d) 918, error refused; Pitts v. Mills, 19 S. W. (2d) 99, and 48 S. W. (2d) 941; Town of Pleasanton v. Vance, 4 S. W. (2d) 247; Hoffmann v. Wood, 258 S. W. 835, error refused; McCombs v. City of Rockport, 37 S. W. 988)

Our courts of last resort have held that a taxpayer, owing unpaid taxes on different tracts of land which have been separately assessed, may elect to pay the taxes on any one (or more) of said tracts, and thus free said land on which he pays the taxes from the tax lien thereon. (See Richey v. Moor, supra, and Hoffmann v. Wood, supra)

A lien upon real property does not exist in favor of any taxing unit by reason of any unpaid taxes assessed on personal property against the owner of the real property. (See State v. Hunt, supra)

We also direct your attention to the latter part of Article 7324, V. A. C. S. of Texas, which is as follows:

". . . Whenever any person, or persons, firm or corporation shall pay to the tax collector all the taxes, interest, penalties and costs shown by the delinquent tax records of the county to be due and unpaid against any tract, lot or parcel of land for all the years for which taxes may be shown to be due and unpaid, prior to the institution of suit for the collection thereof, the

Hon. G. C. Jackson, page 4.

tax collector shall issue to such person or persons, firm or corporation, a receipt covering such payment as is now required by law. . . ."

It is our opinion that the taxpayer mentioned in your letter has the lawful right to pay his taxes on land only if he so desires to do.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George P. Blackburn
Assistant

GFB:RM

APPROVED SEP 22, 1941

Gerald C. Mann

ATTORNEY GENERAL OF TEXAS


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN